**NOT FOR PUBLICATION**

FILED

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAO PING WU,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  14-72217<br><br>Agency No. A200-159-530<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2019[**]
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Xiao Ping Wu petitions for review of the denial of his application for asylum

and withholding of removal by the Board of Immigration Appeals (BIA).  We deny

the petition for review.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA reviewed the immigration judge's (IJ) adverse credibility finding for clear error. It identified four specific reasons for affirming the IJ's credibility finding. We review only the reasons explicitly identified by the BIA, as well as the reasoning articulated in the IJ's decision in support of those stated reasons. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Substantial evidence supports two of the four reasons cited by the BIA.[1]

1. Wu provided inconsistent statements with regard to whether he returned to his home after the incident with the deputy director. Wu was confronted with the perceived inconsistency and failed to provide a reasoned explanation. Wu asserts that a reasonable fact-finder could not conclude that his wife's statement implied that she never saw Wu again. We disagree. Although the record could have supported a different conclusion than the one the BIA reached, applying the proper "healthy measure of deference" to the BIA, a different conclusion is not compelled. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010).

2. In their written statements, Wu and his wife failed to mention that Wu would be subject to sterilization if he returned to China. Generally, "omissions are less

---

[1] The BIA also identified other inconsistencies and omissions. Wu was not confronted on these issues. Therefore, substantial evidence does not support these findings. *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004). However, the two remaining inconsistencies are sufficient to support the adverse credibility finding. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738-39 (9th Cir. 2014).

2

probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). However, omissions that tell a "much different—and more compelling—story of persecution than [the] initial application" can support an adverse credibility finding. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016) (alteration in original) (citation omitted). Here, the threat of sterilization for revenge presents a much more compelling fear of future persecution. Wu provided explanations for the omissions; however, the BIA rejected them because they were not "reasonable and plausible." *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011). Wu argues that the BIA was required to explain why his explanation was not plausible. Although an explanation may have been helpful, we have held in similar circumstances that "[n]o express, point-by-point rejection of [the] explanations [is] necessary." *Id.* Therefore, we cannot say that the record compels the conclusion that Wu was credible. *Id.* at 1087.

The BIA's adverse credibility determination barring Wu's asylum claim also bars his withholding of removal claim. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION FOR REVIEW DENIED.**